859 F.2d 152
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clara E. BATTAGLIA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-1840.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1988.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges and THOMAS G. HULL, Chief District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff-appellant, Clara E. Battaglia, appeals the district court's judgment which affirmed the Secretary's denial of disability insurance benefits. For the reasons set forth below, we affirm the district court's judgment.
 
 I.
 
 2
 Clara E. Battaglia is a 54 year old woman with a high school education. Her past relevant work was as a power sewing machine operator, and as an office manager.
 
 
 3
 In July 1978, Battaglia began receiving treatment from Dr. Mitchell Pollack, her treating physician, for problems she was having with her left shoulder. At that time, she was diagnosed as having calcific tendinitis bursitis in both shoulders. She received treatment for this condition on several occasions between July 1978 and October 1984. In July 1980, Dr. Pollack also diagnosed Battaglia as having metatarsaglia in her left foot and, in April 1982, he determined that she suffered from cervical degenerative disc disease, and arthritis with radiculopathy. She was treated with home cervical traction for the disc problem.
 
 
 4
 In April 1984, Battaglia complained to Dr. Pollack of severe low back pain which radiated to the lower right leg. In December 1984, she applied for and received a disability leave of absence from her job as a sewing machine operator at the General Motors plant in Livonia, Michigan. She returned to work only briefly between December 1984 and October 1985.
 
 
 5
 Battaglia applied to the Social Security Administration ("SSA") for disability insurance benefits in October 1985. Her application was denied by the SSA upon initial consideration and upon reconsideration. Battaglia then requested a hearing before an Administrative Law Judge ("ALJ"). On June 5, 1986, a hearing was held before ALJ Michael F. Wilenkin. Battaglia testified at the hearing as did a vocational expert, Dr. Peter Fortiu. The ALJ also considered six medical reports from Dr. Pollack and four other examining physicians.
 
 
 6
 At the hearing, Battaglia described her discomfort as a pressure type of pain located below the waist and in the hip area. She testified that the pain sometimes extends down her leg to her toes, and that movement exacerbates the pain. She also stated that she has a blood clot in her left leg which forces her to use support stockings and elevate her leg. Battaglia said that she experiences discomfort after standing or sitting for one-half hour or more, and that she must lie down for thirty minutes to an hour, approximately six times a day. She testified that she takes prescription Tylenol three times a week and that her other medications are over-the-counter analgesics. She also stated that she takes physical therapy twice a week.
 
 
 7
 The vocational expert, Dr. Peter Fortiu, classified Battaglia's work as a power sewing machine operator as semi-skilled activity at a light exertional level. He classified her former work as an office manager as semi-skilled activity at a sedentary exertional level. Dr. Fortiu stated that if Battaglia's testimony were fully credited, she would be incapable of performing her past relevant work, or any other job in the national economy. He cited as the vocationally preclusive factors (1) the alleged severity of the pain in Battaglia's back and right leg; (2) the alleged intermittent debilitation of her hands and arms; and (3) Battaglia's assertion that she must lie down for 30 minutes to an hour six times a day. However, in response to a rather involved question from the ALJ which hypothesized, among other things, that Battaglia need not lie down during the work day, Dr. Fortiu testified that she could return to her former work as an office manager.
 
 
 8
 The medical evidence of record consisted of six reports from five examining physicians. In his November 1985 report, Dr. Pollack, Battaglia's treating physician, concluded that she was unable to return to work, presumably because of the severity of her pain. However, the same report described her symptoms as "mild shoulder pain, mild low back pain, and intermittent paresthesias to the right lower extremity." J.App. at 115-16 (emphasis added). Also, in a follow-up report dated May 30, 1986, Dr. Pollack noted that Battaglia had occasional back and leg pain and occasional shoulder pain." J.App. at 162 (emphasis added). He stated that "[i]n general," Battaglia's pain was "not bad." Id. While the other examining physicians generally confirmed that Battaglia suffered from low back pain, none concluded that she was totally and permanently disabled. For example, Dr. A.N. Sinha, an orthopedist, concluded on the basis of his July 19, 1986 examination that Battaglia was "temporarily" disabled from her job as a sewing machine operator due to low back pain. J.App. at 108. Dr. S. Katz, another orthopedist who examined Battaglia on September 16, 1985, stated that he "saw no objective evidence to indicate any continuing disabling problem with [her] lower back." J.App. at 110-11. Dr. Siddarth Sanghvi, who examined Battaglia in December of 1985, concluded that she suffered from chronic lumbar disc disease, but did not state whether she was totally disabled because of that disease.
 
 
 9
 After considering the evidence presented, the ALJ, on August 20, 1986, rendered his decision denying Battaglia's claim for social security disability benefits. The ALJ found that Battaglia suffered from a severe impairment, although not a listed impairment (or the equivalent of a listed impairment). However, the ALJ concluded that Battaglia retained the residual functional capacity to perform her past work as an office manager. In making this determination, the ALJ found that Battaglia's "allegations of severe physical restrictions, debilitating pain, and ... necessity to lie down for ... significant portions of the day is [sic] contradicted by the evidence given by her own physician, and was not supported by the other objective evidence of record, and was contradicted by her demeanor the hearing." J.App. at 14. The ALJ's decision denying Battaglia's claim for disability benefits became the Secretary's final decision when the Appeals Council affirmed the ALJ's ruling on December 15, 1986.
 
 
 10
 Upon notification of the Appeals Council's action with respect to her application, Battaglia filed a complaint in the United States District Court for the Eastern District of Michigan, Southern Division, seeking judicial review of the Secretary's decision. The case was referred to Magistrate Virginia Morgan who, on May 28, 1987, recommended that the Secretary's decision denying benefits be affirmed. Magistrate Morgan found that substantial evidence of record supported the Secretary's decision. Subsequently, on June 30, 1987, Judge Robert E. DeMascio issued an Order and Judgment accepting the magistrate's Report and Recommendation, and affirming the Secretary's denial of benefits.
 
 
 11
 Battaglia timely filed this appeal.
 
 II.
 
 12
 It is well settled that when substantial evidence of record supports the Secretary's decision to deny disability benefits, the Secretary's decision must be upheld. Richardson v. Perales, 402 U.S. 389 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 401. The fact that the record may also contain substantial evidence to support a conclusion different than that reached by the Secretary, or that the reviewing court may have decided the case differently, is irrelevant. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n. 4 (6th Cir.1986) (per curiam).
 
 
 13
 Throughout these proceedings, Battaglia has alleged that the severity of her pain precludes her from engaging in any substantial gainful activity. On appeal, she argues that substantial evidence does not support the Secretary's determination that she is physically capable of performing her past work as an office manager.
 
 
 14
 The Social Security Disability Benefits Reform Act of 1984 ("the Reform Act"), 42 U.S.C. Sec. 423(d)(5)(A) (1982 & Supp. II 1984), articulated a new objective standard for evaluating the credibility of subjective complaints of pain. This court, in Duncan v. Secretary of Health & Human Services, 801 F.2d 847 (6th Cir.1986), explained the two-step analysis required by the Reform Act as follows:
 
 
 15
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 16
 Id. at 853.
 
 
 17
 In the case at bar, substantial evidence supports the Secretary's determination that the second prong of the Duncan test was not satisfied. The Secretary's conclusion in this regard is supported by (1) Dr. Pollack's description of Battaglia's shoulder and low back pain as "mild"; (2) his further statement that she suffered from "occasional" back, leg and shoulder pain; (3) his statement that her pain was "not bad"; and (4) his statement that her range of motion and motor strength were within normal limits. Moreover, none of the other physicians' reports stated that Battaglia's pain was severe enough to prevent her from working. These facts constitute substantial evidence of record supporting the Secretary's determination that the objective medical evidence did not support the severity of Battaglia's alleged pain, and that such pain could not reasonably be expected to result from her established medical condition. Therefore, neither alternative test of the second Duncan prong was satisfied.
 
 
 18
 We hold that plaintiff's secondary argument--that the ALJ employed a "sit and squirm" test to deny plaintiff's claim--to be without merit. In evaluating plaintiff's complaint of pain, the ALJ did not rely solely on his observations of plaintiff at the hearing; in addition to personal observations, the ALJ considered reports by the treating physicians and other physicians. Weaver v. Secretary of Health & Human Services, 722 F.2d 310, 312 (6th Cir.1983).
 
 III.
 
 19
 For the reasons stated above, we hereby AFFIRM the judgment of the district court.
 
 
 
 *
 Honorable Thomas G. Hull, United States District Court for the Eastern District of Tennessee, sitting by designation